WANG DING LU, Petitioner,

v.

Michael B. MUKASEY, Attorney

General of the United States,[1] Respondent.

No. 04–4959–ag.

United States Court of Appeals, Second Circuit.

May 5, 2008.

Karen Jaffe, New York, NY, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada; Paul S. Padda, Assistant United States Attorney, Las Vegas, NV, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Wang Ding Lu, a native and citizen of the People's Republic of China, seeks review of an August 25, 2004 order of the BIA affirming the October 16, 2003 decision of Immigration Judge ("IJ") Sarah M. Burr denying his motion to reopen deportation proceedings and rescind an in absentia order. *In re Wang Ding Lu,* No. A 72 989 144 (B.I.A. Aug. 25, 2004), *aff'g* No. A 72 989 144 (Immig. Ct. N.Y. City, Oct. 16, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Here, the agency did not abuse its discretion in denying Lu's motion, which we construe as both a motion to rescind and a motion to reopen. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006) ("[W]hen an alien files a single motion that seeks both rescission of an *in absentia* removal order ... as well as reopening of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen, and review each under the applicable substantive standards."). As an initial matter, because Lu has failed to challenge sufficiently the denial of his motion to rescind before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005)

Further, the agency did not abuse its discretion in denying Lu's motion to reopen. In his brief to this Court, Lu asserts that he has married a United States citizen, that he has two children who were born in the United States, and that he fears arrest, prosecution, and "a fine" if he returns to China for his "resistance." However, he is not entitled to an exception to the 90–day deadline for the filing of motions to reopen, where the birth of his children in the United States was evidence of changed personal circumstances, not changed country conditions in China. *See* 8 C.F.R. § 1003.23(b)(4)(i); *see also Jian Huan Guan v. BIA,* 345 F.3d 47 (2d Cir. 2003).

In any event, Lu provided no evidence before the BIA to support his claim that he will be persecuted for having two children, and he has never clarified the actions that comprised his "resistance." For instance, he failed to submit any background materials or even anecdotal evidence that he has violated the family planning policy in China, or that any such violation would amount to persecution. *See e.g., Matter of J–H–S–,* 24 I. & N. Dec. 196, 201 (BIA 2007). Thus, the record supports the BIA's finding that Lu did not provide sufficient evidence to warrant reopening or reconsideration.

■ While Lu also asserts that he received ineffective assistance of counsel below, and that he will face "extreme hardship" if forced to return to China, we decline to review these arguments. Because Lu failed to raise these issues before the BIA, they remain unexhausted. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement). Accordingly, the BIA did not abuse its discretion in dismissing Lu's appeal from the IJ's denial of his second motion. *See Ke Zhen Zhao,* 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).